IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RAMONA CHILDS COGGINS                                                    PLAINTIFF

vs.                                        CIVIL NO. 04-6133

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                             DEFENDANT

## MEMORANDUM OPINION

Ramona Coggins ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits ("SSI"), under Title XVI of the Act.

## Background:

The application for SSI now before this court was filed on August 3, 1998, alleging an onset date of September 1, 1997, due to bipolar disorder, mood disorder, thyroid problems, fibromyalgia, and headaches. (Tr. 17, 69-71). An administrative hearing was held on December 8, 1999, resulting in the issuance of an unfavorable decision by the Administrative Law Judge ("ALJ"), on January 26, 2000. (Tr. 30-40, 299-345). However, on March 2, 2001, the Appeals Council remanded the case to the ALJ for further consideration of plaintiff's past relevant work ("PRW"), as well as her non-exertional limitations. (Tr. 258-259). A supplemental hearing was then held on August 7, 2001. (Tr. 346-383). Plaintiff was present and represented by counsel.

On August 25, 2003, the ALJ, issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 21). At this time, plaintiff was forty-two years old

and possessed a high school education and one year of college credit in the areas of law enforcement/corrections and social sciences.[1] (Tr. 21, 90, 350). The record reflects that she had past relevant work ("PRW") experience as a receptionist and secretary. (Tr. 21).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ( "RFC"), to perform simple repetitive tasks requiring simple, direct, and concrete supervision, and where the interpersonal contact is no more than necessary to carry out simple and direct instructions. (Tr. 21). With the assistance of a vocational expert, the ALJ then found that plaintiff could still perform work existing in significant numbers in the national economy, to include positions as small parts assembler, hotel cleaner, and hand packager. (Tr. 21).

On September 28, 2001, the Appeals Council declined to review this decision. (Tr. 13-15). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

---

[1]On her supplemental interview outline, plaintiff indicated that she actually graduated from an alternative school, due to her mental problems. (Tr. 90).

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the fact that the record does not contain a physical RFC assessment. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the record reveals that plaintiff carried a physical diagnosis of fibromyalgia, in addition to her mental diagnosis of bipolar disorder. (Tr. 140, 226, 315, 328). Fibromyalgia is an illness that causes chronic pain in muscles and ligaments. *See* Frederick B

4

Gaupp, *Fibromyalgia*, at www.emedicinehealth.com. Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases. *See* THE MERCK MANUAL, 1369-1371 (16th ed. 1992). Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. *See Fibromyalgia*, at www.emedicinehealth.com. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body that when pressed firmly cause discomfort. *Id*.

We recognize that it is difficult to determine the severity of plaintiff's condition because of the unavailability of objective clinical tests. Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not. Michael Doherty & Adrian Jones, *Fibromyalgia Syndrome (ABC of Rheumatology)*, 310 BRITISH MED. J. 386 (1995). The question is whether the plaintiff is one of the minority.

As noted above, the medical evidence clearly reveals that plaintiff has been diagnosed with fibromyalgia. (Tr. 140, 226, 315, 328). This diagnosis is supported by additional evidence indicating that she has sought treatment on numerous occasions for complaints of aches and pain in her joints and muscles. (Tr. 246, 217, 280, 368). In July 1999, plaintiff was noted to have at least nine of the eighteen possible fibromyalgia tender points, along with tenderness to the pectoralis muscles bilaterally, mild epigastric tenderness, weakness in the upper extremities secondary to pain,

tenderness to palpation of the parascapular musculature and the paracervical musculature with mild spasm, and tenderness in the sacroiliac joints. (Tr. 226). On another occasion, plaintiff had positive point counts through her pelvic and shoulder girdles, as well as her axial skeleton, in addition to discomfort with rotation, flexion, and extension of the neck, and mild discomfort with flexion, extension, and lateral bending in the lumbar spine. (Tr. 143). Cervical x-rays revealed some straightening of the spine, while films of her thoracic spine showed minimal kyphoscoliosis and mild degenerative changes. (Tr. 146). After reviewing this evidence, it is clear to the undersigned that plaintiff's impairment or impairments could impact her ability to perform a full exertional range of unskilled work.[2] Accordingly, we believe that this matter should be remanded for the completion of a physical RFC assessment.

We also note that the only mental RFC assessment contained in the file was completed by a non-examining, consultative psychologist. We further note, that the opinion of a consulting physician who examined the plaintiff once, or not at all, does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). As this plaintiff carries a diagnosis of bipolar disorder, and has been regularly treated by a counselor and a psychiatrist, we believe that the case should be remanded to allow the ALJ to obtain mental RFC assessments from plaintiff's treating sources.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians and psychologists who have evaluated and/or treated plaintiff, asking them to review plaintiff's medical

---

[2]The ALJ found that plaintiff could perform a full exertional range of unskilled work. (Tr. 21). Her only limitations were noted to be mental. (Tr. 21).

6

records; complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, provide the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). In addition, on remand, the ALJ is also directed to perform a proper fibromyalgia evaluation to determine the severity of plaintiff's impairment.

The record also contains evidence to suggest that the dosage of Lithium prescribed to plaintiff caused her to suffer from acute renal insufficiency in August 1999. (Tr. 224). There is also a suggestion that the Lithium level in her bloodstream may have resulted in damage to her liver. However, plaintiff stated that this possibility was still under investigation at the time of the second hearing in 2001. (Tr. 366). In light of this possibility, we do believe that further development of the record concerning this issue is necessary. Therefore, on remand, the parties are directed to supplement the record with more recent medical records indicating whether plaintiff has, indeed, incurred liver damage, and how, if at all, this impacts her ability to perform work-related activities.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

7

ENTERED this 21st day of October 2005.

                                                  /s/ Bobby E. Shepherd
                                                  HONORABLE BOBBY E. SHEPHERD
                                                  UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)