IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RAMONA CHILDS COGGINS                                              PLAINTIFF

v.                              CIVIL NO. 04-6133

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                      DEFENDANT

**ORDER**

Before the court is counsel's request for approval of attorney's fees in the amount of $4,649.50, pursuant to 42 U.S.C. § 406(b). (Doc. # 18). Plaintiff's counsel requests 25% of her past-due benefits based upon a contingency-fee agreement. (Doc. # 20 Exhibit B). Defendant responded that she has no objection to the fee award and believes the request for 25% of plaintiff's past-due benefits is reasonable. (Doc. # 21).

**Procedural Background:**

Plaintiff Ramona Childs Coggins appealed the Commissioner's denial of Supplemental Security Income (SSI) benefits to this court. On October 21, 2005, this court entered judgment (Doc. # 12) remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Plaintiff's counsel moved for an award of fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (Doc. # 13). Counsel's request was granted on November 15, 2005, awarding fees and costs under the EAJA in the amount

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

$2,775.00, to be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future. (Doc. # 17). Following remand, the ALJ issued a favorable decision on July 28, 2006, finding plaintiff entitled to SSI benefits. (Doc. # 20, Exhibit A).

**Conclusion:**

As stated above, plaintiff filed for and was granted SSI benefits.[2] In *Bowen v. Galbreath*, 485 U.S. 74, 74 (1988), the Court held that a district court does not have the authority to order the Commissioner to withhold a portion of past-due SSI benefits for payment of attorney's fees received in judicial proceedings under Title XVI. Therefore, plaintiff's counsel's petition for attorney's fees pursuant to 42 U.S.C. § 406(b) is DENIED.

IT IS SO ORDERED this 23rd day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[2] Unlike Title II of the Social Security Act which is an insurance program, Title XVI is a welfare program enacted to provide benefits to financially needy individuals who are aged, blind or disabled regardless of their insured status.